IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KRISTY VAUGHN, Individually and
as Guardian and Next Friend of
RODDREGIUS DILWORTH, MARQUEZ
DILWORTH, PEREZ DILWORTH, and
DONTEZ COOK, PLAINTIFFS,

VS. CIVIL ACTION NO. 1:10CV296-P-D

FOUNTAINBLEAU MANAGEMENT
SERVICES, LLC, DEFENDANT.

**ORDER**

This matter comes before the court upon the plaintiffs' motion to remand [4] and the defendant's motion *in limine* to exclude the plaintiff's December 10, 2010 affidavit. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The motion to remand is not well-taken and should be denied. The defendant has shown that it is more likely than not that the amount in controversy exceeds $75,000.00. Therefore, the plaintiffs must show it is legally certain that the contrary is true. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Though it is true that the plaintiffs filed an affidavit that purports to limit their potential recovery to $75,000.00 or less, the plaintiffs have not shown there is a legal certainty that the amount in controversy is in fact under the federal jurisdictional limit. First, each of the five plaintiffs levy serious claims which include claims for punitive damages. Claims for punitive damages are aggregated when determining the amount in controversy. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1333 (5th Cir. 1995). Second, the plaintiffs failed to rebut the defendant's arguments that Plaintiff Kristy Vaughn has not demonstrated that the minor's natural father agrees with Plaintiff Vaughn's decision nor that she has been authorized by decree or order to limit her minor children's recovery pursuant to Mississippi Code Annotated §§93-13-1 and 93-13-27. Third, the

Complaint's *ad damnum* clause alone is insufficient to establish legal certainty since a plaintiff is not bound by such a clause later in litigation. A plaintiff might, for example, replace her lawyer after a remand motion were granted and change her request for damages. Fourth, the right to remove to federal court is determined at the time of removal and therefore subsequent events do not divest a federal court of jurisdiction. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiffs' motion to remand [4] is **DENIED**; and

(2) The defendant's motion *in limine* to exclude the plaintiff's December 10, 2010 affidavit purporting to limit her damages to $75,000.00 or less is **GRANTED**.

**SO ORDERED** this the 18th day of January, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE