IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KRISTY VAUGHN, Individually and
as Guardian and Next Friend of
RODDREGIUS DILWORTH, MARQUEZ
DILWORTH, PEREZ DILWORTH, and
DONTEZ COOK,                                                        PLAINTIFFS,

VS.                                              CIVIL ACTION NO. 1:10CV296-P-D

FOUNTAINBLEAU MANAGEMENT
SERVICES, LLC,                                                      DEFENDANT.

**ORDER**

These matters come before the court upon the defendant's motions to dismiss the plaintiffs' claims for intentional infliction of emotional distress, for more definite statement, and to strike [docket number 15]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

With regard to the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the plaintiffs declined to rebut the defendant's argument that the intentional infliction of emotional distress claims are time-barred by the one-year statute of limitations period discussed in *Jones v. Fluor Daniel Services Corp.*, 32 So.3d 417, 423 (Miss. 2010). Accordingly, the motion to dismiss should be granted since it is undisputed that the alleged infliction of emotional distress took place more than a year before filing of the instant suit on October 7, 2010.

Regarding the Rule 12(e) motion for a more definite statement, the pleading meets the standards of Rule 8(a)(2), especially since the defendant is in the position to possess all of the rental and maintenance records. *See e.g., Gilliland v. National Envelope-Lenexa, LLC*, 2008 WL 2273631

1

(D.Kan. 2008) ("A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission.").

Finally, the court concludes that the defendant's Rule 12(f) motion to strike should be denied since it is premature to determine whether the subject allegations have no possible relation or logical connection to the plaintiff's claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendant's motions to dismiss the plaintiffs' claims for intentional infliction of emotional distress, for more definite statement, and to strike [docket number 15] is **GRANTED IN PART AND DENIED IN PART**; more specifically,

(2) The motion is granted insofar as the plaintiffs' claim for intentional infliction of emotional distress is **DISMISSED WITH PREJUDICE** for being time-barred; whereas,

(2) The motion is denied in all other regards.

**SO ORDERED** this the 10th day of August, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE